# The Chicago, Burlington & Quincy R. R. Co.

## *v.*

## H. C. Paddock *et al.*

1. BURDEN OF PROOF — *on charge of double assessment for taxation.* On bill to enjoin the collection of taxes, on the alleged ground that property has been doubly assessed, once by the State Board of Equalization, and once by the local assessors, when such allegation is denied by the answer, the burden of proof is on the complainant to prove the fact of double assessment, substantially as alleged.

2. TAXATION — *assessment of railroad property.* Railroad track is required to be assessed for taxation by the State Board of Equalization, but all other real estate of railroad companies, including the stations and other buildings and structures thereon, must be assessed by the local assessors.

3. SAME — *what understood by right of way.* The term, "right of way," can only be understood as embracing the land used as a way for the road, and not such additional ground as may be used for the convenience of the railroad, but not a part of its way.

4. Land used by a railway company for its stations and machine shops, beyond the right of way, is properly assessed by the local assessors.

5. SAME — *value of railroad property may be used as evidence of value, but is not conclusive.*   The value of railroad property required to be furnished is only evidence of value, and is not necessarily conclusive on the State Board of Equalization in making their assessment of the property for taxation.

APPEAL from the Circuit Court of Kane county ; the Hon. SILVANUS WILCOX, Judge, presiding.

This was a bill in chancery, exhibited by the Chicago, Burlington & Quincy Railroad Company, against Henry C. Paddock, collector of Kane county, and John C. Sherwood, county clerk of said county, to enjoin the collection of certain taxes, on the alleged ground of a double assessment of property.   After the filing of answers, the court, on motion, dissolved the injunction, and dismissed the bill.   The complainant appealed.

Messrs. WALKER, DEXTER & SMITH, for the appellant.

Mr. J. H. MAYBOURNE, for the appellees.

Per CURIAM :  But a single question is presented by this record, which is not disposed of by the views expressed in *C. B. & Q. R. R. Co.* v. *Cole et al., ante,* p. 591.   It is alleged in the bill that complainant has been doubly assessed — once by the State Board of Equalization, and once by the local assessors — on its machine shops, depots, etc.   The truth of the allegation is put in issue by the answer, and the burden is, consequently, on the complainant to prove it, substantially as alleged.   Under the revenue law in force when the assessment was made, the right of way, including the superstructures of main, side or second track and turnouts, and the stations and improvements of the railroad company on such right of way, are declared to be real estate, for the purpose of taxation, and denominated " railroad track," and must be so listed and valued.   " Railroad track " is to be assessed by the State Board of Equalization, but all other real

estate, including the stations and other buildings and structures thereon, is to be assessed by the local assessors.

The only evidence of the double assessment is the affidavit of Amos T. Hall, the secretary and treasurer of the company, who swears that, on making out the schedule returned to the auditor, he estimated the value of improvements on the "right of way" at $75,000, which was for the several shops and depots of complainant at Aurora; that the same were also assessed by the local assessors, as lots 1, 2 and 3, less one hundred feet in width of right of way, except in lot 3, where the right of way excepted is two hundred feet in width, at $244,980, which was reduced by the board of equalization to $195,984; and that he is advised and believes that the State Board of Equalization had before them the local assessment of such property when they also assessed the same as railroad track, and that the same property was alike described in the returns of the complainant to the State auditor, and in the assessment by the local assessor.

On behalf of the respondents, by stipulation of the parties, the schedule filed by the complainant with the county clerk is in evidence. So far as it relates to this question, the following is a copy:

Opinion of the Court.

## CITY OF AURORA—AURORA TOWNSHIP.

| | Section. | Town. | Range. | Length ft. | Width ft. | Acres. | Value. | MAIN TRACK. Length ft. | MAIN TRACK. Value. | SIDE TRACK. Length ft. | SIDE TRACK. Value. | Value of stations and other improvements on right of way. | Total value as listed by Railroad Co. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N. E. Cor. N. E...... | 28 | 38 | 8 | 852 | 100 | 2.68 | $268 00 | | | | | | |
| N. W.   " | " | " | " | 331 | | 0.76 | 76 00 | | | | | | |
|   "       " | " | " | " | 680 | 100 | 3.00 | 300 00 | | | | | | |
|   "       " | " | " | " | 520 | | 1.19 | 119 00 | | | | | | |
| WEST AURORA. | | | | | | | | | | | | | |
| S. pt. Wagner's ad... | 28 | " | " | 700 | 80 | 1.28 | 128 00 | | | 12,666 | $4,483 10 | | |
| Wagner's add ....... | " | " | " | 1546 | 80 | 2.84 | 284 00 | | | 40,451 | 14,157 85 | | |
| S. pt. N. W. E. ½ S. W | | | | 1800 | 100 | 4.13 | 413 00 | | | | | | |
| | | | | | | 15.88 | $1,588 00 | 20,775 | $11,841 75 | 53,117 | $18,590 95 | $75,000 00 | $107,020 70 |

By the " right of way " can only be understood the land used as a way for the road, and not such additional ground as may be used for the convenience of the road, but not as a part of its " way." We cannot doubt that land used by the company for its stations and machine shops, beyond the right of way, was properly assessed by the local assessor; and from the above schedule it is apparent that it was not returned to the county clerk as a part of its right of way. This schedule shows the right of way to vary from 80 to 100 feet in width, and the total value placed on it, including the improvements, to be $107,020.70. It is not claimed that this strip was assessed by the local assessor, but simply that in placing the valuation on it, what was intended as a valuation for the entire property was designated as the amount. That this description does not and could not be held to embrace the property which it is claimed was assessed by the local assessor is, we think, plain. What property is here described by a description tangible enough to enable anybody to point it out? Clearly only the strip, so many feet in width and length, used as right of way over the different described tracts of land. The presumption is, the side tracks, the length of which is given, are laid on this right of way; but if it shall be said it is impossible that they could be laid there, it may be answered, then they are not located by the schedule at all; and the schedule, to that extent, is of no value, for no other land is described on which they can be presumed to be located. If, under the law, there should be rendered a judgment for the non-payment of the tax assessed on this property, it could be only against the strip described as right of way, including whatever is placed thereon in the way of improvements. 2 Gross, 343, § 42.

It is not claimed that the Board of Equalization assessed this property by another or different description than that embraced in this schedule; but, as we understand the affidavit, the same description was before the board that the local assessor had. Inasmuch, therefore, as it is not claimed this strip occupied as right

of way was assessed by the local assessor, and it is claimed the Board of Equalization assessed the right of way as returned, we can but come to the conclusion that Mr. Hall is mistaken in his apprehension that both assessments covered the same property. The fact that the valuation placed by him on the property which the board did assess was fixed with reference to his estimate of the value of the whole property, is quite another thing. His estimate of value had nothing to do with the value as fixed by the board of equalization, any more than they may have deemed it evidence of the real value of the property. It was required to be furnished as evidence merely, and was not conclusive, necessarily, upon the board. Its effect could only have been to cause them to overestimate the value of the property assessed, but this we do not understand to be charged in the bill. Nor is it shown that it did have that effect, which certainly ought to clearly appear to justify a court of chancery in enjoining the collection of the tax.

The decree is, for the reasons given in *C. B. & Q. R. R. Co.* v. *Cole et al. supra*, reversed, and the cause is remanded.

*Decree reversed.*