THE PEOPLE *ex rel.* JOHNSON, Collector,

*v.*

FREDERICK M. ATKINSON.

*Filed at Ottawa May 12, 1882.*

1.   TAXATION—*assessment in the wrong town—in pursuance of incorrect return by owner of property.*   Where a person makes out and delivers to the assessor of the town in which he keeps his business office, a schedule of the amount, quantity and quality of all his personal property required to be listed for taxation, he will be bound by such return, though a portion of the property is required to be returned by him to the assessor of a different town, where it is also assessed.

2.   INJUNCTION—*to restrain collection of taxes on an assessment in wrong town.*   Where a person voluntarily makes a return of his personal property to an assessor of a town other than that of the *situs* of the property, and which is subject to assessment in a different town, a court of equity will not enjoin the collection of the taxes extended upon such erroneous assessment on the ground that the party was induced to make such return in ignorance of the law, upon the statement of the assessor to him at the time that the taxes would be the same if the property was assessed in either town. Such statement can not render the assessment fraudulent, as the party is bound to know the law.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellant:

Parties making returns of personal property under oath to assessors, are bound by such returns, and can not allege fraud or mistake in their execution. See Rev. Stat. secs. 5, 6, 7, 13, 24 and 25, of chap. 120.

The law presumes that the appellee knew the meaning of the statutes to the same extent that the assessor could understand them. The allegation that the assessor stated that the taxes in the town of Proviso or in the town of South Chicago would be the same upon the same return, was but a conclusion of law equally known to either party, and hence can not be urged to establish fraud.

An overvaluation of property is no ground to enjoin the collection of taxes. *Gage* v. *Evans,* 90 Ill. 569; *Union Trust Co.* v. *Weber,* 96 id. 346.

The power to assess property for taxation is vested in the assessors, and the courts have no power to revise their assessments. *Republic Life Ins. Co.* v. *Pollack,* 75 Ill. 294; *People* v. *Brislin,* 80 id. 423; *Porter* v. *Railroad Co.* 66 id. 594; *Spencer* v. *People,* 68 id. 510; *Ottawa Glass Co.* v. *McCaleb,* 81 id. 562.

The only remedy for an excessive assessment is by application to the board of review, or county board. *People* v. *Big Muddy Iron Co.* 89 Ill. 116; *Madison County* v. *Smith,* 95 id. 335; *Adsit* v. *Lieb,* 76 id. 198.

As to the *situs* of personal property for taxation, counsel cited *King* v. *McDrew,* 31 Ill. 418; *Irwin* v. *Railroad Co.* 94 id. 105; *Tazewell County* v. *Davenport,* 40 id. 197; *Sangamon and Morgan R. R. Co.* v. *Morgan County,* 14 id. 163; *Minard* v. *Lawler,* 26 id. 301; *First National Bank* v. *Smith,* 65 id. 54; *Wilkey* v. *City of Pekin,* 19 id. 160; *Mills* v. *Thornton,* 26 id. 300; *City of Dunleith* v. *Reynolds,* 53 id. 45; *Danville Banking and Trust Co.* v. *Parks,* 88 id. 170; *Munson* v. *Crawford,* 65 id. 185; Story's Conflict of Laws, sec. 550; Burroughs on Taxation, 59.

Mr. Chief Justice Craig delivered the opinion of the Court:

This was a bill brought by Frederick M. Atkinson, appellee, to enjoin the collection of taxes assessed on personal property in the town of South Chicago, for the year 1881. It appears from the bill, that appellee is a manufacturer of railroad car springs; that the shops are located and business carried on in the town of Proviso; that the assessor of that town, on or about May 1, 1881, without notice to appellee, and without his knowledge, assessed all of his property, both real and personal; that the taxes were extended by the county clerk, and have since been paid. It also appears from the bill, that the office of appellee was, on May 1, 1881, located on Washington street, South Chicago, but he had no property in that town except office furniture. The bill also contains the following allegation:

"Your orator further says, that on or about May 1, 1881, Frank Drake, the duly qualified and acting assessor in and for said town of South Chicago, left at the office of your orator aforesaid a blank schedule, used by said assessor for listing personal property for taxation, together with a notice to your orator to fill out the said schedule, according to instructions thereon, and return the same, when so filled out, to him, the said assessor, at his office in said town of South Chicago; and your orator says that, not understanding the said schedule, nor the effect thereof, he went to the office of the said assessor, to-wit, on the 19th day of May, A. D. 1881, and then and there informed him, the said assessor, or his duly authorized and acting deputy in charge of the office of said assessor, that he was a manufacturer, and that his business was carried on in the town of Proviso, said county of Cook, as hereinbefore more fully set forth. And your orator further says, that the said assessor or his said deputy, well knowing your orator was a manufacturer, and that his business was carried on in said town of Proviso, and that the

said property was located in, subject to, and would be assessed in said town of Proviso for the several purposes as hereinbefore set forth, and well knowing the said property was exempt from assessment or taxation in said town of South Chicago, pursuant to the provisions of sec. 13, chap. 120, entitled Revenue, Revised Statutes of Illinois for 1881, and well knowing that the said property was beyond and without the jurisdiction of him, the said assessor of said town of South Chicago, wrongfully, willfully and fraudulently, and with intent to injure and defraud your orator, thereupon then and there told your orator that said property was subject to assessment either in said town of South Chicago or said town of Proviso, and that in either event the taxes would be the same, and your orator being uninformed in the premises, except as aforesaid, and relying upon the said statement of the said assessor, or his said deputy, and having no knowledge, information or belief that his said property would be subject to taxes for said city of Chicago, South Park assessments, or said town of South Chicago, by mistake, and by misunderstanding the effect of signing said schedule, and under the order and direction of said assessor, or his said deputy, and without any knowledge of his rights, duties and obligations in the premises, he was wrongfully and fraudulently induced and prevailed upon by said assessor, or his said deputy, to sign a schedule of all his personal property," etc.

It is also alleged in the bill that the taxes on the assessment amount to $300.36, and that the collector of the town of South Chicago holds a warrant for the collection of the same; that $2.97 is the amount due on the office furniture, and the balance is for the property situated in the town of Proviso. The defendants interposed a demurrer to the bill, which the court overruled, and rendered a decree enjoining $297.36 of the tax, to reverse which the defendant appealed.

Section 5, chap. 120, of the Revised Statutes of 1874, provides that personal property shall be listed between the first

day of May and first day of July of each year, when required
by the assessor, with reference to the property owned on the
first day of May. Section 24 declares that persons required
to list personal property shall make out and deliver to the
assessor, at the time required, a schedule of all personal prop-
erty in their possession or control required to be listed for
taxation by them. It shall be the duty of the assessor to
determine and fix the fair cash value of all items of personal
property. Section 13 provides that personal property of
manufacturers shall be assessed in the town where the busi-
ness is carried on. The law presumes that complainant
knew the provisions of the statute in relation to the assess-
ment of property, and he can not rely upon his ignorance to
defeat the collection of the revenue.

The complainant resided in the town of South Chicago,
and made return of his property to the assessor of that town,
who made the assessment, but he claims that he was
deceived by the assessor, and that the assessment was fraud-
ulent. The *gist* of the charge in the bill, which is supposed
to render the assessment fraudulent, is, that the assessor told
complainant that the property was subject to assessment
either in the town of South Chicago or the town of Proviso,
and the taxes would be the same if assessed in either town.
Conceding the truth of this statement, it can not render the
assessment fraudulent. Complainant had no business to rely
upon the statement of the assessor in regard to what the law
was in reference to the town in which the property was liable
to be assessed, and if he did so, and has suffered loss, it is
his own fault. He was under no obligation to rely on the
statement of the assessor, but it was his duty to ascertain
from some other source where he ought to list his property. It
is perhaps true that the assessor of the town of South Chicago
could not have assessed the property in that town without
the consent of the complainant, but when the complainant
voluntarily made a return of his property to the assessor, it

4—103 ILL.

was the right and the duty of the assessor to make the assessment. It was not the business of the assessor to inquire whether the property returned all had a *situs* in his town or not. It was enough that complainant kept his business office in the town of South Chicago, and desired to be assessed in that town. We think it a safe rule to hold that where a person makes out and delivers to the assessor a schedule of the amounts, quantity and quality of all personal property in his possession required to be listed for taxation by him, as provided by section 24, he should be bound by such a return.

The decree of the circuit court will be reversed, and the cause remanded.

*Decree reversed.*