The Peoria, Decatur and Evansville Railway Company

*v.*

Joseph T. Goar, Treasurer.

*Filed at Springfield October 6, 1886.*

1. Taxation of railroads—*assessment of railroad track—by whom.* Under the Revenue law, the exclusive power to assess "railroad track," which includes right of way, with the superstructures of main, side or second track and turn-outs, and the station and the improvements thereon, is conferred upon the. State Board of Equalization, and therefore an assessment of the property used as railroad track, by the local or township assessor, is void.

2. And where a railway company, in good faith, in its schedule to go before the State Board of Equalization, attempts to return all of its right of way, the fact that the correct number of acres thereof is not given, will not justify the local assessor in assessing any part of such right of way.

3. Same—*mistake in return by railway company, in not properly including what is "railroad track"—estoppel.* Where lots and blocks of a railway company, constituting,what the statute calls "railroad track," are, by mistake of the company's general manager or agent, returned to the county clerk and the State Auditor as real estate other than "railroad track," and the same are assessed by the State Board as well as by the local assessor, the company, on bill to enjoin the collection of taxes extended on the assessor's valuation, will not be estopped from showing the mistake, and thus avoid double taxation on such lots and blocks.

4. Same—*machinery—whether realty or personalty—and by whom to be assessed.* Fixed and stationary machinery attached to railroad shops on the railway company's right of way, is part of the real estate or railroad track, and as such is assessable only by the State board. But a steam engine and boiler not permanently attached to the realty, are personal property, and as such it is properly assessed for taxation by the local assessor.

Appeal from the Circuit Court of Coles county; the Hon. James F. Hughes, Judge, presiding.

Messrs. Stevens, Lee & Horton, and Messrs. Wiley & Neal, for the appellant:

The local assessor should so describe the property assessed by him as not to embrace any of the railroad track. *Railroad Co.* v. *People,* 99 Ill. 467.

An assessment made by a person not authorized by law, is void. *Railroad Co.* v. *People*, 98 Ill. 350; *Railroad Co.* v. *People*, 4 Bradw. 468.

As to what is "right of way" and "railroad track," see *Railroad Co.* v. *People*, 98 Ill. 350; *Railroad Co.* v. *People*, 99 id. 464; *Railway Co.* v. *Wiber*, 96 id. 443; *Railway Co.* v. *Miller*, 72 id. 141; *Railroad Co.* v. *Siders*, 88 id. 325.

A court of equity will enjoin the collection of a tax when those levying the same transcend their powers or act without legal warrant, and in all other cases where the tax is void. *Moore* v. *Wayman*, 107 Ill. 192; *Glass Co.* v. *McCabb*, 88 id. 556.

The difficulty in the present case is not a simple irregularity, but it is the assessment of property by one who had no power to make it, and the levy of a tax upon such assessment must be considered as absolutely void. *Railroad Co.* v. *People ex rel.* 99 Ill. 464; *Railway Co.* v. *Miller*, 72 id. 144; *DuPage County* v. *Jenks*, 65 id. 287; *Darling* v. *Gunn*, 50 id. 424; *Cleghorn* v. *Postlewaite*, 43 id. 428; *Vieley* v. *Thompson*, 44 id. 9; *Allwood* v. *Cowen*, 111 id. 481.

Mr. S. M. Leitch, for the appellee, after stating and commenting upon the facts, made the following points:

*First*—That the assessment of the lots in controversy by the local assessor was not void, but that the act of appellant made it his duty to assess them.

*Second*—That appellant is estopped by its schedules, filed with the Auditor of Public Accounts and the county clerk, from denying that the lots are real estate.

*Third*—That if the local assessor had not the right to assess them, the circumstances are such that his assessment was not void, and their only remedy is a legal and not an equitable one.

*Fourth*—That the presumption of law is, that the assessor did his duty, and there is no evidence to overcome that presumption as to the assessment of the personal property.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a bill in chancery, filed by the Peoria, Decatur and Evansville Railway Company, on May 22, 1882, for the purpose of restraining the collection of a tax assessed against the company upon assessment made by the local assessor of Mattoon township, upon certain lots and blocks, and the buildings and improvements on them, in the city of Mattoon.

The bill avers, that on and prior to May 1, 1881, all of said lots and blocks were occupied by the railway company with its shops, depot and other buildings, with a large number of railroad tracks, and used exclusively for railway purposes, and that as such they were all embraced in the return of tracks, side-tracks, railroad right of way, and improvements thereon, made by complainant, as required by law, to the State Board of Equalization, and ,were by it assessed according to law; that the assessment by said board for the year 1881, against complainant's property in Coles county, including all the property above described, except the buildings, was $45,500, and upon the buildings described, including the shops and all machinery therein, was $10,800, the taxes upon which assessments have been paid by complainant; that the machinery assessed was stationary, fixed machinery, and included a stationary boiler and engine. The bill further avers that the local assessor, without right or authority, assessed the property, on which a tax was levied against the company, upon the lots and improvements before described, of $1579.61, and upon the fixed machinery in said shops, including the said engine and boiler, was assessed a tax of $696.09, making in the aggregate a tax on the local assessment against complainant, of $2275.70. This last is the tax the collection of which is sought to be enjoined. On hearing, the circuit court dismissed the bill, and this appeal was taken.

Section 42 of the Revenue law, (Rev. Stat. 1874, p. 865,) in respect to railroad property, provides: "Such right of way,

including the superstructures of main, side or second track, and turn-outs, and the station and improvements of the railroad company on such right of way, shall be held to be real estate for the purposes of taxation, and denominated 'railroad track,' and shall be so listed and valued." By section 50, the property denominated "railroad track" is required to be assessed by the State Board of Equalization. In *Chicago and Alton Railroad Co.* v. *The People ex rel.* 98 Ill. 350, it was decided that under the Revenue law the exclusive power to assess railroad track and rolling stock of railways is conferred upon the State Board of Equalization, and that an assessment of property used as railroad track, by the local township assessor, is void.

There is no doubt, from the proof, that the property upon which this assessment by the local assessor was made, was of the class denominated "railroad track," and alone assessable by the State Board of Equalization, and that it was assessed by such board, and the tax under that assessment paid, so that the assessment by the local assessor was null and void. But it is claimed that the appellant is estopped, by its schedules filed with the Auditor of Public Accounts and the county clerk, from saying that the property in question was railroad track. It does appear by schedule 'D,' filed by the company, that the lots and blocks in question are real estate other than railroad track. Upon this point the testimony of the witness Bradbury, by whom, as general manager of the company, the schedules are signed, is as follows: "All of the property specified on schedule 'D' sheets, except lots in block 143, in Noye's addition, was used for right of way purposes alone, for tracks, depot and shops, as the general yards of the company, for the general purposes of the railway company as their right of way, and for no other purpose. All of the property listed on schedule 'D' except the lots in 143, were specified on said sheets 'D' by an error, and should have been specified on schedule 'A,' denominated

railroad track." Block 143 is not involved here. The property being thus in the open and visible use and occupation of the railway company for the above purposes, the mistake must have been palpable to the assessor. He must have known the lots to be "railroad track," and property which he had no authority to assess. No injurious result, in any respect, has followed from the error in the schedule, more than the slight trouble caused the local assessor in making the assessment, which he had no authority to make, and must have so known. We do not think there is any foundation here for the application of the doctrine of estoppel, as claimed.

In *The People ex rel.* v. *Atkinson*, 103 Ill. 45, referred to by appellee's counsel, where an assessment by the assessor of the township in which the tax-payer resided, instead of, as required by law, by the assessor of another township in which the property was situated, was sustained, the assessor had the power to assess that species of property, but here the local assessor had no authority to assess this kind of property.

Some point is made upon the number of acres embraced in their right of way, as returned by the company in their schedule, it being called $94\frac{50}{100}$ acres, when a calculation of appellee's counsel, founded on the length and average width of the right of way, makes it to be 130 acres. All the right of way of the company was intended to be embraced within the return made, and if the correct number of acres was not stated, that would not justify the local assessor in assessing any portion of the right of way.

With respect to the boiler and engine, their assessment as personal property, by the local assessor, is admitted by appellant's counsel to have been proper, under the decision in *Johnson, Collector,* v. *Roberts,* 102 Ill. 655, and the 25th section of the Revenue law requiring assessors to assess as personal property "every steam engine, including boilers." The fixed and stationary machinery attached to the shops, we regard as constituting a part of the machine shops, and as embraced

in the return made to the Auditor, of machine shops situated on the right of way, and in the assessment of machine shops made by the State Board of Equalization, and as not assessable by the local assessor. The assessment having been made by a person who had no authority by law to make it, and therefore void, the bill should have been sustained. *Allwood* v. *Cowen*, 111 Ill. 481; *Searing* v. *Heavysides*, 106 id. 85; *Kimball* v. *Merchants' Savings, Loan and Trust Co.* 89 id. 611; *Anderson* v. *Chicago, Burlington and Quincy Railroad Co.* 117 id. 26.

The decree will be reversed, except as to the engine and boiler, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed in part and in part affirmed.*