(February 20, 1888.)

## OREGON SHORT LINE RAILWAY COMPANY v. YEATES.

[17 Pac. 457.]

RAILROAD PROPERTY LOCATED OFF RIGHT OF WAY—ASSESSED BY WHOM.
Where machine and repair shops are situated upon lands other than the right of way, but are connected with the main line of the railroad by sidetrack, *held*, that under section 1463 of the Revised Statutes they should be assessed by the local assessor, rather than by the territorial board of equalization.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

R. Z. Johnson, Attorney General, Vic Bierbower and George H. Roberts, for Appellant.

Oregon Short Line Railway Company was created a railway corporation in territories of Utah, Idaho and Wyoming by act of Congress, August 2, 1882. (U. S. Stats., 81, 82, p. 185.) The sworn statement required of the president, etc., of railroad corporations is not binding upon the state board, and may be disregarded by it in the assessment. (60 Cal. 12.) The underlying principle of all construction is that the intent of the legislature should be sought, in the words employed to express it, and that when found it should be made to govern, not only in all proceedings which are had under it, but in all judicial controversies which bring those proceedings under review. (Cooley

on Taxation, 2d ed., p. 264; *United States v. Fisher,* 2 Cranch, 358; *Spencer v. State,* 5 Ind. 41.),

P. Williams, for respondent.

No brief filed.

HAYS, C. J.—By the act of Congress of March 3, 1875 (1 Supp. U. S. Rev. Stats., p. 91), the right of way was granted through the public lands of the United States in this territory to any railway company duly organized under the laws of any state or territory, upon certain conditions, to the extent of one hundred feet on each side of the center line of said road, "also grounds adjacent to such right of way for station buildings, depots, machine-shops, sidetracks, turnouts, and water stations—not to exceed in amount twenty acres for each ten miles of road." The respondent company was duly organized, and obtained the right of way, under said act, through the lands of the United States in this territory, and built their road thereon.    Section 1463 of the Revised Statutes of this territory is as follows: "The president, secretary, superintendent, or other principal accounting officers of any railroad or telegraph company having property in this territory, whether incorporated under the law of this territory or not, when any portion of the property of said railroad or telegraph company is situated in more than one county, shall list for assessment and taxation, verified by the oath of the person so listing, all the following described property belonging to said corporation within the territory, viz.: Roadbed, superstructure, right of way, and all structures situated thereon, rolling stock, sidetrack, telegraph lines, furniture and fixtures, and personal property belonging to such corporation.    Such list shall contain, first, the number of miles of such railroad or telegraph line in the territory, and the number of miles of the same in each organized county therein; and such return must be made to the territorial comptroller on or before the first day of April, annually.    If the return aforesaid be not received by said comptroller by the third day of April, he must thereupon proceed to obtain the facts and information aforesaid in any manner that may appear most likely to secure the same correctly, and for that same purpose may address a written communication to the corporation, or to some officer of the corporation who has failed or refused to

make the return aforesaid. As soon as practicable after the comptroller has received said return, or procured the information to be set forth in said return, a meeting of the territorial board of equalization, consisting of the governor, territorial treasurer, and comptroller, shall be held at the office of said comptroller; and the said board must then value and assess the property of said corporation for each mile of said road or line, the value of each mile to be determined by dividing the sum of the whole valuation by the number of miles of said road or line. In making up such valuation or assessment, the said board shall examine and consider the return herein required to be made, or the information procured by the comptroller in default of such return, together with such other reliable information relative thereto as they may be able to procure. Said board shall not assess the value of any machine-shop or repair shop or other buildings not situated on said right of way or grounds or other real estate of any corporation or company within this territory; but it shall be the duty of the assessor of the county, city, or district in which said machine or repair shops, or other buildings or grounds, or other real estate is situated, to assess the same, and make return thereof, in the manner provided for the assessment and return of real estate belonging to individuals, on or before the second Monday of May, or as soon thereafter as the said board, or any two thereof, shall have made and determined said valuation and assessment. The territorial comptroller must certify to the clerks of the boards of county commissioners of the several counties in which property of the aforesaid corporations, or any part thereof, may be situated, the assessment per mile so made on the property of any such corporation, specifying the number of miles, and amount, in each of said counties. The county commissioners must thereupon divide and adjust the number of miles, and the amounts, falling within each precinct, city, town, school district, or other division, in their respective counties, and cause such amounts to be entered and placed on the lists of taxable property, or assessment-rolls, returned by the several assessors. The comptroller must certify whether a return was made to him by such corporation, or proper officer thereof, or whether the information required in and by such returns was procured by himself; and in case the return was not made as required by

this act, or, being made, was not sworn to, it is the duty of the county commissioners to add any amount not exceeding ten per cent to the valuation thus brought before them."

The officers of the railroad company, in listing its property, pursuant to this statute, for assessment by the territorial board of equalization, listed, together with their road and right of way, the machine and repair shops, and the other property described in the complaint, which is situate at Shoshone in Alturas county. The said board assessed the right of way, and such property as they found to be thereon, but did not assess the property described in the complaint, because they thought the same was not upon the right of way, and that they had no authority, under the statute, to do so, and notified the assessor of Alturas county of this fact. The county assessor then assessed the same, and made return thereof. The respondent then brought this action to restrain this appellant from assessing or collecting any tax on the property described in the complaint. The case coming on to be heard, the facts were stipulated as follows: "1. It is hereby stipulated, by and between the parties hereto, that the machine and repair shops, roundhouse, and other buildings, mentioned in the pleadings herein, and situated at Shoshone station, in said county, are more than 100 feet from the main track of plaintiff's railway, and within 400 feet thereof; that the said main track, at and near shops and other buildings, runs in an easterly direction, and said shops are on the south side of said main track; that there are three sidetracks, running through or near said shops and buildings, which are united, by means of switches, both to the east and west thereof, into a single sidetrack; and such single track unites, by means of switches, with the said main track both east and west of said shops. 2. That said sidetracks, so extending to, through, and near said shops and other buildings, afford the means of running locomotive engines and cars from said main track into and out of the said shops and roundhouse and connect with the turntable, situate between said main track and said roundhouse, constructed and used for the purpose of turning engines. 3. That said sidetracks, so extending to said shops, roundhouse, and turntable, and the said turntable and buildings, are used by the plaintiff for changing its engines and cars, affording the means of necessary repairs, and also to en-

able the plaintiff to supply its engines with coal from a large coal platform situated west of and near to said shops, and on either side of which there is one of said tracks extending to and near said shops and other buildings.   4. That said shops, roundhouse, turntable, and tracks leading thereto, are used by the said plaintiff exclusively with, and in connection with, the operation of its said railway, and are necessary for such operation, but are not used for the purpose of running trains over the same, or for the transaction of its business as a common carrier." The injunction prayed for was granted, and an appeal taken to this court.

We are now called upon to construe the statute above quoted, so far as it relates to this action. In construing statutes of this nature, Judge Cooley, in his very excellent work on taxation, says: "The underlying principle of all construction is that the intent of the legislature should be sought in the words employed to express it; and that when found it should be made to govern not only in all proceedings which are had under the law, but in all judicial controversies which bring those proceedings under review. Beyond the words employed, if the meaning is plain and intelligible, neither officer nor court is to go in search of the legislative intent, but the legislature must be understood to intend what is plainly expressed; and nothing then remains but to give the intent effect." (Cooley on Taxation, 2d ed., 264.) We fully approve the above rule of construction. It is contended by respondent that a statute almost identical with ours has been construed by the supreme court of the United States in *Railway Co. v. Cheyenne*, 113 U. S. 516, 5 Sup. Ct. Rep. 601. If such was the case, we would follow the construction placed upon it by that court, implicitly. After a careful examination of that case, we do not so understand it. There the territorial board of equalization had assessed the right of way, as it was clearly their duty to do; but the city authorities, disregarding such assessment, sought by virtue of their corporate power to assess the same property, and the question there litigated was as to which assessment was correct. The court there holds in favor of the assessment by the territorial board of equalization. We do not understand that the question in the suit at bar was litigated in that case. We presume that all of the machine-shops and other buildings there

assessed were upon the right of way, otherwise the territorial board would not have assessed them. The respondent contends, however, that notwithstanding the property described in the complaint herein is not upon any of the lands obtained by congressional grant, and is more than one hundred feet from the center line of said road, yet, because said machine-shops, repair-shops, etc., are connected with the main track of their road by switches and sidetracks, that therefore the land upon which they stand all becomes right of way, and should be assessed as such, and, in support of this claim, cites us to *Keener v. Railway Co.,* 31 Fed. 126; *Pfaff v. Railway Co.,* 108 Ind. 144, 9 N. E. 93; *Railway Co. v. Goar,* 118 Ill. 134, 8 N. E. 682. In the first case the court says: "The term 'right of way' has a twofold signification. It sometimes is used to mean the mere intangible right to cross—a right of crossing, a right of way. It is often used to otherwise indicate that strip which the railroad company appropriates for its use, and upon which it builds its roadbed." They there only determine how it is used in their statute, and how the term is to be construed under the facts in that case. In the last two cases cited, the courts hold, in substance, that, under the revenue laws of their respective states, the term "railroad track" includes lands occupied by a railroad company with its main track, sidetracks, depot, roundhouses, coal sheds, and water-tanks. The reason for so holding is because they are so designated by their statutes. Hence, they give us no light, except perhaps to impress upon our minds the necessity of looking to our own statutes to ascertain the true legislative intent. If the position taken by respondent is correct, then, as a sequence therefrom, we must give no force or effect to that portion of the legislative enactment which provides that the territorial board shall not assess any machine or repair shops not situate on said right of way, but that it shall be the duty of the assessor to assess the same—unless we further find that the legislature presumed that the railroad company would have machine and repair shops which would not be connected with the main track by some kind of a railroad track. It is our duty to give force and effect to all parts of the enactment, where we can. It follows, we think, that the legislature intended that where the railroad owned machine and repair shops, or other buildings, not situate on that strip of land desig-

nated by the act of Congress as a right of way, or where they owned other grounds than the right of way, that the assessor should assess the same, and that it should not be assessed by the territorial board. Of course, if the railroad company had obtained the strip of land two hundred feet wide, or less, for constructing its main line or buildings thereon, through private property, it would still be "right of way," and assessed, with buildings thereon, by the territorial board. We do not think that the legislature expected the railroad company to have machine-shops and repair-shops without having a track to connect the same with the main line; and when they enacted that the territorial board "shall not assess the value of any machine-shop or repair shop or other buildings not situate on said right of way or grounds or other real estate of any corporation or company within this territory, but it shall be the duty of the assessor of the county, city, or district in which said machine or repair shops or other buildings or grounds or other real estate is situated to assess the same," their intent seems plain, and that, under the facts of this case, we must therefore hold it was the duty of this appellant to assess the property in controversy. It has been ably argued that it would be better that the territorial board should assess all railroad property. Conceding such to be the case, that argument should be addressed to the legislature rather than the court; for it is not our province to pass upon the wisdom of the enactment, but rather to give effect to the legislative intent.

For the reasons before given we think the judgment of the district court should be reversed. It is so ordered.

Buck and Broderick, JJ., concurring.