THE INDIANAPOLIS AND ST. LOUIS RAILWAY COMPANY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa October 31, 1889.*

1. TAXATION—*railroad track—omitted from schedule—presumption—estoppel.* A railway company returned to the county clerk various schedules of its property for taxation. Schedule "A," showing the property designated as "railroad track," failed to include a parcel of land of eighteen acres, which was assessed by the local assessor, and taxes were levied thereon. There was nothing to show that the tract so omitted from schedule "A" was not included in schedule "D," which should show all real estate other than railroad track : *Held,* on application for judgment for the taxes, that it would be presumed such strip of land was returned as real estate other than railroad track.

2. A railway company having failed to return for taxation a strip of its land as "railroad track," the land was assessed by the local assessor as real estate other than railroad track, and it was not assessed otherwise. On application for judgment against the lot for the taxes, the railway company offered to prove that in fact it was a part of the track, which the court refused to permit : *Held,* that the evidence was properly excluded, on the ground of estoppel.

WRIT OF ERROR to the County Court of St. Clair county ; the Hon. JOHN B. HAY, Judge, presiding.

This was a proceeding by James D. Baker, collector of St. Clair county, to obtain judgment for delinquent taxes for the year 1886, against real estate described as "total real estate other than track ; schedule D ; lot 5 a ; survey 780 ; 18 acres." Plaintiff in error objected, on the ground that said real estate was "a part of and included in the right of way between East St. Louis terminals of said company." On the hearing, the collector objected to the introduction of testimony in support of said objection, on the ground that said defendant company was estopped to urge the same in this proceeding, because the schedule returned by it to the county clerk of said county, in accordance with the provisions of section 41, chap-

ter 120, of the Revised Statutes, did not contain a statement of the property on which said tax was assessed,—a copy of which schedule was filed with the objection. This schedule, by its heading, states, that in accordance with the provisions of the statute the company "makes return of its property for taxation, by schedule, as follows : Schedule marked 'A' shows the property designated by law 'railroad track.' * * * Schedule marked 'B' * * * rolling stock. * * * Schedule marked 'C' * * * tools. * * * Schedule marked 'D' shows all real estate (other than railroad track) belonging to or controlled by this company, its location, and listed value." To this caption, schedules marked "A," "B" and "C" are attached. Schedule "D" does not appear. To this return the vice-president and assistant secretary of the company make affidavit, stating "that the foregoing schedules marked 'A,' 'B,' 'C' and 'D,' contain and are a full, true and correct exhibit of all the property owned or controlled by said company which is located in the county of St. Clair and State of Illinois." The objection to the offered proof was sustained, and judgment rendered in favor of the collector, from which this writ of error is prosecuted.

Mr. John T. Dye, and Mr. E. C. Rhoads, for the plaintiff in error :

This was an application by the county collector, under section 184 and the following sections, chapter 120, of the Revised Statutes, for judgment on lots and lands delinquent for taxes.

Section 47, chapter 120, provides that the district assessor shall assess real estate other than railroad track under the term "lots and lands." This was an application for judgments for delinquent taxes on lots and lands so assessed.

The defendant objected to the rendition of this judgment, on the ground that the property is not lots and lands, but is part of the railroad track of defendant, and as such must be assessed by the State Board of Equalization, under section 109,

chapter 120. If this property is not lots and lands, but part of the railroad track of this defendant, this judgment should not be rendered, for the local assessor had not authority to assess it. *Railroad Co.* v. *People*, 98 Ill. 351; *Railway Co.* v. *Miller*, 72 id. 147; *People* v. *Railroad Co.* 116 id. 181; *Railroad Co.* v. *People*, 4 Bradw. 468.

Is this property railroad track, and does the evidence offered by the defendant, which the court refused to hear, show that it is railroad track?

Section 42, chapter 120, defines railroad track as follows: "Such right of way, including the superstructures of main, side or second tracks, and turn-outs, and the station and improvements of the railroad company, on such right of way, shall be held to be real estate, for the purposes of taxation, and denominated railroad track," etc.

The defendant offered to prove that said land so assessed is a strip of land of the uniform width of 670 feet, and extending about 1720 feet in length, and situated in the city of East St. Louis, one of the terminal points of said railway, and that said strip of land was obtained and is held and used by said defendant for the economic transaction of the defendant's business at East St. Louis, and that said strip is traversed by a main track, and that the remainder of said strip is its right of way, and comprises a part of the terminal facilities of said road, and that said strip is reasonably necessary, and is used for side-tracks, turn-outs, machine and repair shops and round-houses. Terminal facilities are railroad track. *Railroad Co.* v. *People*, 98 Ill. 350; *Railroad Co.* v. *People*, 4 Bradw. 468.

In the first of these cases, two lots of a company contained about thirty-two acres, after deducting a strip 100 feet wide, used for the main track. The thirty-two acres were covered with tracks in constant use. The land was also used for car shops, machine shops, blacksmith shops, freight depot, stock yards, foundry, round-houses, paint shops, etc. It was held, that the whole of the land constituted a part of the company's

right of way and its railroad track, and as such could not be legally assessed by the local township assessor.

Although this land is not included in the return of the company of its railroad track, that return is not binding on the State Board of Equalization, as that board is given "power and authority, by committee or otherwise, to examine persons and papers," (sec. 109, chap. 120,) and it is of course to be presumed that they discovered the omission and assessed the road an additional sum per mile on account of this property. At any rate, it was their duty to do this, and not the duty of the local assessor. And the schedule of the company of its railroad track can give no indication whatever as to whether this land has been assessed by the State Board of Equalization.

Is the defendant estopped from claiming that this land is part of its railroad track by the mere omission to include it in its schedule of railroad track? We take it, that where the law confers on one body the power to assess lands, that power can not be transferred to another body or person by any act or omission on the part of this railroad company.

We can not understand how we are to be prevented from questioning the right of the assessor to do an act which is done confessedly without authority of law, by a return we make to some other officer, and with which return the county assessor has nothing to do whatever.

Mr. M. W. Schaefer, for the defendant in error:

We do not claim that the local assessors of a county have the right or authority to assess the railroad track of a railroad corporation, nor do we deny the proposition that a reasonable amount of real estate may be used as side-tracks, turn-outs, machine shops and round-houses, by a railroad corporation, which may also be assessed as railroad track. But we do claim that when a railroad company makes its sworn schedule, as provided by section 41, chapter 120, of the Revised Statutes,

wherein it reports all its real estate used as a track, or at least should so report, and if, in addition to its railroad track so reported, it—as in this case—has real estate, then the local assessor has the right, and it is his duty, to assess such additional real estate.

The plaintiff in error does not deny that this additional real estate described as lot 5a, survey 780, containing eighteen acres, was not reported by it as railroad track in its schedule, but it in fact admits it, saying: "That return is not binding on the State Board of Equalization, as that board is given 'power and authority, by committee or otherwise, to examine persons and papers,' and it is, of course, to be presumed that they discovered the omission, and assessed the road an additional sum per mile on account of this property."

Now, the plaintiff wants this court to assist it in escaping taxation, on a presumption that the board of equalization would do a thing that it had no right or power to do without the consent of the plaintiff. How could this board say or determine that a strip of land 670 feet in width and 1720 feet in length, lying adjoining plaintiff's right of way, should be assessed as railroad track, unless the plaintiff would, by its schedule, manifest a desire to have it assessed as such? And we warrant, that should the State board, at any time, attempt such a thing, the plaintiff would object most strenuously, for its taxes, in that event, would be considerably more than at present. It appears as if the plaintiff in this case simply wants to escape taxation, and these tax objectors should come into court, as in equity, with clean hands.

But in the case at bar, the plaintiff in error attempted to prove by a witness, that certain real estate, to-wit, the eighteen acre tract, is used for railroad purposes, and should be assessed as railroad track, which the plaintiff, in its sworn schedule, did not and would not report as such. We claim, and justly too, that the railroad company is estopped by its own action, and that it can not, on application for judgment, dispute it.

If the plaintiff in error does not want this property assessed by the local assessor, then let it report it as railroad track, and have it assessed as such.

The case of *Chicago, Burlington and Quincy Railroad Co.* v. *Paddock et al.* 75 Ill. 616, is similar to this case.

Mr. Justice Wilkin delivered the opinion of the Court:

It is not claimed that lot 5 a, survey 780, was included in the schedule marked "A." There is nothing in the record tending to prove that it was not included in schedule "D," and therefore the presumption that it was returned as real estate other than railroad track must obtain. It is not pretended that it was assessed by the board of equalization, or that any tax whatever has been paid on it for the year 1886. The proof offered on the hearing, and excluded, was to the effect that this lot was in fact "railroad track" and used by the company as such. Its competency is based on *Chicago and Northwestern Ry. Co.* v. *Miller*, 72 Ill. 147, *Chicago and Alton Railroad Co.* v. *The People*, 98 id. 351, and *The People* v. *Chicago and Western Indiana Railroad Co.* 116 id. 181. All that is decided in these cases, and the case of *Peoria, Decatur and Evansville Railroad Co.* v. *Goar*, 118 Ill. 134, is, that property situated as this is claimed to be, may be treated as "railroad track," within the meaning of the Revenue act, and that when used by a railroad company as such, and so scheduled, it is properly assessable by the State Board of Equalization, and not by local assessors. In each of the cases cited, the property had been returned as "railroad track," and so assessed, and it was sought by the proceedings below to subject it to double taxation, the local assessors having assessed it as real estate other than railroad track.

In attempting to bring this case within the scope of those cases, it is said: "Although this land is not included in the return of the company of its 'railroad track,' that return is

not binding on the State Board of Equalization, as that board is given power and authority, by committee, or otherwise, to examine persons and papers, (sec. 109, chap. 120,) and it is, of course, to be presumed that they discovered the omission, and assessed the road an additional sum per mile on account of this property." The fallacy of this position consists in the unwarrantable assumption that we will presume, in the absence of all proof, that the State board did detect the false return of the company, and did make an assessment of property which it did not schedule for assessment, and that the company can have the benefit of that presumption to relieve it from the payment of a tax assessed in conformity with its return. It was the duty of the company to make a true return of its property, and both the State board and the local assessor had a right to act upon the supposition that it had honestly discharged that duty, and the assessor was fully authorized, and it was his duty, to make the assessment for which the judgment below was rendered.

There is nothing whatever in this record tending to show, nor did plaintiff in error offer to prove any fact from which it could be inferred, that the tax in question is unjust, or that it has been deprived of any right secured to it, as the owner of the property assessed, by law. Mere formal objections to taxes, not affecting unjustly the right of the citizen, can not be allowed to defeat judgments for their collection. *Chiniquy* v. *The People,* 78 Ill. 570; *Purrington et al.* v. *The People ex rel.* 79 id. 11.

The attempt here is to escape the payment of a just tax through an irregularity, (if, indeed, there is an irregularity,) resulting from the negligent or wrongful act of the property owner. We think the court below properly applied the doctrine of estoppel in excluding the offered evidence. Its judgment will be affirmed.

*Judgment affirmed.*