The Iowa Central Railway Company

v.

The People ex rel. Thomas A. Vernon.

156    373
e195  ²195

*Filed at Ottawa May 15, 1895.*

1. Taxes—*assessment of real estate of railway by State board.* The State Board of Equalization is not authorized to assess as right of way of a railroad company real estate included in the schedule filed by the company with the county clerk as not being railroad track.

2. Same—*railway company and local assessor bound by schedule of lands.* The schedule of lands, other than railroad track, filed by a railroad company with the county clerk, as required by the Revenue act, is binding both upon the company filing it and upon the local assessor, who must follow the return embodied in such schedule. *Peoria, Decatur and Evansville Railway Co.* v. *Goar,* 118 Ill. 134, modified.

Appeal from the County Court of Mercer county; the Hon. J. H. Connell, Judge, presiding.

Beasley & Liebenstein, for appellant.

James M. Brock, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

This is a proceeding in the county court of Mercer county in the matter of the application of the county collector of that county for judgment for unpaid taxes against delinquent lands, in which the appellant company filed an objection to the rendition of judgment for an item of $154.60, being the amount of tax levied and assessed against lot 4 of lot 1 of lot 8 in S. E. ¼ S. 23, T. 13, R. 5 in Keithsburg township in that county, and in which the county court overruled the objection and rendered judgment against said lot for the amount so objected to. From such judgment the present appeal is prosecuted. The only question in the case is, whether or not the county court erred in overruling the objection.

The objection is, in substance, that the lot in question is a part of appellant's right of way, and as such was included by it in its schedule, filed with the Auditor of the State, and was assessed by the State Board of Equalization for the year 1893; that the assessment was returned by the Auditor to the county clerk, who extended the taxes against said lot; and that appellant paid the same, but that the local assessor of said township has assessed the same without authority under the head of "lands other than right of way," and that taxes to the amount of $154.60 were levied and extended against the lot under the assessment so made by the local assessor.

It clearly appears from the record, and is not denied by appellant, that, in the schedule filed with the county clerk, the company scheduled this lot as real estate other than railroad track. Hence, the State Board of Equalization was not authorized to assess it as right of way. It is claimed, however, that the company made a mistake in including the lot in the schedule filed with the county clerk as real estate other than railroad track; and the case of *P., D. & E. Ry. Co.* v. *Goar,* 118 Ill. 134, is cited as authority for the contention, that parol evidence may be introduced to contradict the schedule, and show that the lot was a part of the right of way.

In the first place, if all the evidence here introduced by the objector below were competent for the purpose for which it was introduced, it does not show conclusively or satisfactorily that the lot was certified to the Auditor of the State as a part of the right of way. A deed was introduced in evidence executed by certain parties conveying the lot in question to the appellant company, which deed bears date April 5, 1893, and was not acknowledged by the grantors until May 4, 1893. The taxes, for which the assessment was levied, are the taxes for 1893. The schedules, required to be filed by the railroad companies, are required to be filed in May of each year. (Revenue act, chap. 120, sec. 41; 2 Starr & Cur. Stat. page

2042).   From this it would appear, that the appellant did not own the lot until April or May, 1893, and yet the schedules in the record for the years 1892 and 1893 show, that the number of acres returned to the State board for assessment as right of way were the same in 1893 as in 1892.   If the 4.03 acres in lot 4 had been embraced in the schedule made in 1893, it would show a greater number of acres returned as right of way than were so returned in 1892.   It is claimed, that the engine or round-house is reported in the schedule for 1893 as on the right of way and that the round-house is on lot 4; but this proves nothing, as the schedule for the previous year also reports the engine or round-house as a part of the right of way.

In the second place, we think that appellant is bound by the statement, made in the schedule filed with the county clerk.   Section 40 of the Revenue act requires every railroad company in the State to return sworn lists or schedules of its taxable property in the manner provided in the act, and directs that such property shall be listed and assessed with reference to its amount, *kind* and value on the first day of May of the year in which it is listed.   Sections 41 and 48 require the companies to file the schedules therein mentioned with the county clerks of the respective counties in which the railroads may be located.   Section 46 provides, that "all real estate, including the stations and other buildings and structures thereon, other than that denominated 'railroad track,' belonging to any railroad, shall be listed as lands or lots, as the case may be, in the county, town, village, district or city where the same are located."   Section 47 is as follows:   "The county clerk shall return to the assessor of the town or district, as the case may require, a copy of the schedule or list of the real estate, (other than 'railroad track'), and of the personal property (except 'rolling stock') pertaining to the railroad; and such real and personal property shall be assessed by the assessor.

Such property shall be treated in all respects, in regard to assessment and equalization, the same as other similar property belonging to individuals, except that it shall be treated as property belonging to railroads, under the terms, 'lands,' 'lots' and 'personal property.'"

Now, it is quite manifest from these provisions, that the assessor is to be governed by the statement made in the schedule filed by the railroad company, in assessing the railroad land as real estate other than railroad track. He does not determine by the exercise of his own judgment, that the land is not railroad right of way, but he must follow the return as embodied in the schedule. He receives from the county clerk a copy of the schedule of the real estate other than railroad track, filed by the company with the clerk; and "*such* property," that is, the property named in the schedule as being real estate other than railroad track, he is to treat, in regard to the assessment thereof, the same as other similar property belonging to individuals. He is to treat it as "lands" or "lots," and not as right of way, or railroad track.

Hence, we are inclined to hold, upon further reflection, that the decision in *P., D. & E. Ry. Co.* v. *Goar, supra,* went too far in holding substantially, that the assessor is bound to take notice of a mistake made by the company in returning land in its schedule as real estate other than railroad track, and that he must look at the land in order to see to what extent it is used for right of way. If he is to determine for himself whether the land is railroad right of way or not, there is no use of requiring the county clerk to furnish him with a copy of the company's schedule. It was not the intention of the legislature to clothe the local assessor with the power to assess railroad land or not, according to his own view of the question, whether it is railroad track, or real estate other than railroad track.

In harmony with these views we said in *I. & St. L. Ry. Co.* v. *The People,* 130 Ill. 62: "It was the duty of the com-

pany to make a true return of its property, and both the State board and the local assessor had a right to act upon the supposition that it had honestly discharged that duty." Still again, in the more recent case of *C., V. & C. Ry. Co.* v. *Mathews*, 152 Ill. 153, we said: "It was the duty of appellant" (the railroad company), "under sections 40 and 41 of the Revenue act, to make out and file with the county clerk a statement or schedule, showing the property held for right of way, etc. It is to be presumed that it performed this duty, and that the county officials relied upon the statement or schedule filed, as an accurate description of the right of way."

We do not think that the county court erred in overruling the objection. Its judgment is accordingly affirmed.

*Judgment affirmed.*