(December 23, 1899.)

# OREGON SHORT LINE RAILWAY v. GOODING, ASSESSOR.

[59 Pac. 821.]

TAXATION—ASSESSOR—BOARD OF EQUALIZATION—RAILROAD PROP-
ERTY.—Property of a railroad company, other than "rolling stock"
outside of the "right of way" "railroad track" as defined by the
statute of this state, is assessable by the local assessor, and not
by the state board of equalization.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

J. S. Waters and Hawley & Puckett, for Appellant.

The term "right of way" can only be understood as embracing
the land used as a way for the road, and not such additional
ground as may be used for the convenience of the railroad, but
is not part of its right of way. (*Chicago etc. Ry. Co. v. Pad-
dock,* 75 Ill. 616.) The case of *Oregon Short Line Ry. Co. v.
Yeates,* 2 Idaho, 397, 17 Pac. 457, settles this question, in
our judgment, and in effect decides that the right of way em-
braces only the two hundred foot strip through the center of
which the main line of railway runs. Property not held or
used for railroad purposes, but of which the corporation may
have become owner, should be separately listed and taxed
from the property used for railroad purposes. (Cooley on Tax-
ation, p. 384, sec. 85; *Savannah etc. Ry. Co. v. Morton,* 71 Ga.
24.) Shops owned and operated by a company for the construc-
tion and repair of its locomotives and cars are liable to taxa-
tion for local purposes as real estate, even though they have no
greater capacity than is required for the work the company
itself has for them to do. (*Pennsylvania etc. R. Co. v. Van-
dyke,* 137 Pa. St. 249, 20 Atl. 653; *Toledo etc. R. Co. v. Lafay-
ette,* 22 Ind. 262; *Tucker v. Ferguson,* 22 Wall. (U. S.) 527;
*N. & L. Ry. Co. v. Nashua,* 62 N. H. 602; *Cook v. State,* 38 N.
J. L. 474.) Where a railroad company has completed its road
and appendages so far as it is at present contemplated, at its
several stations, the land lying outside of the railroad limita-

tion of one hundred feet, not being in actual use, nor in present contemplation of use by the company, is liable to taxation. (*State v. Middle Tp.*, 38 N. J. L. 270.)

P. L. Williams, Joseph H. Blair, Lyttleton Price and F. S. Dietrich, for Respondent.

We contend that the evidence, spirit and intent of the statute is to clothe the state board with exclusive power to assess all railroad property used for railroad purposes. In the case of *Pennsylvania etc. R. Co. v. Vandyke,* 137 Pa. St. 249, 20 Atl. 653, there is no statutory language in any way resembling the language of the statutes of Idaho under consideration. In fact there does not seem to be any provision for the assessment of railway real estate, except by the local authorities, in addition to which there is a general assessment of the franchises of the company. (*Chicago etc. Ry. Co. v. People,* 153 Ill. 409, 38 N. E. 1075, 29 L. R. A. 69.) The act of 1895 is in substance very similar to the assessment laws of the states of Illinois and Indiana, and there is much reason to believe that the legislature was not unaware of these statutes, together with the decisions of the courts of those states construing the intent and purpose thereof. (*Chicago etc. Co. v. People,* 98 Ill. 350, 5 Am. & Eng. R. R. Cas. 94; *Peoria etc. Ry. Co. v. Goar,* 118 Ill. 134, 8 N. E. 682, 29 Am. & Eng. R. R. Cas. 189; *Pfaff v. Terre Haute etc. R. Co.,* 108 Ind. 144, 9 N. E. 93; *Chicago etc. R. Co. v. People,* 99 Ill. 464; *Chicago etc. Ry. Co. v. Cass Co.,* 8 N. Dak. 18, 76 N. W. 239.)

HUSTON, C. J.—This action was brought to restrain the defendant, as assessor of Lincoln county, from collecting certain taxes assessed against the property of the plaintiff corporation for the year 1897. Judgment was rendered in the district court in favor of the plaintiff and against defendant, and from said judgment this appeal is taken.

The only question presented by the record for our decision is, Was the assessment by the assessor of Lincoln county authorized by law? It is contended by respondent that under the statutes of Idaho all of the property, the assessment of which

by the assessor of Lincoln county is contested by the plaintiff, should have been assessed by the state board of equalization. Whether it was so assessed by said board does not appear by the record.   Section 1490, Laws of 1895, is as follows: "Sec. 1490. The state board of equalization shall have exclusive power to assess and value for purposes of taxation all telegraph and telephone lines and the 'railroad track' and 'rolling stock' of all persons, companies or corporations owning, operating or constructing any telegraph or telephone line, or railroad, wholly or partly within this state.   For the purposes of this act 'railroad track' shall be deemed to include right of way, superstructures on the right of way, whether on main, side or second track, or turnouts and the stations and improvements thereon belonging to, used, operated or occupied by any person, company or corporation, owning, operating, or constructing any line of railroad, wholly or partly within this state.   For the purposes of this act 'rolling stock' shall be deemed to include all movable property owned, used, occupied or operated in connection with any railroad, wholly or partly within this state.   All property belonging to any person, company or corporation, owning, operating or constructing any railroad wholly or partly within this state, not included within the terms 'railroad track' or 'rolling stock' shall be assessed by county assessors as other property is assessed in this state."   Section 1491, page 115, of the Laws of 1895, provides for the listing by the proper officer of any telegraph, telephone, or railroad company of the property of such company assessable by the state board of equalization, and the property therein described is as follows: "The whole number of miles of telegraph or telephone line, the number of wire, the number of instruments, the number of miles of railroad (main, side and second tracks and turnouts being separately stated), the property held for right of way, the amount and character of improvements, and the stations located on the right of way; and under the head of 'rolling stock' shall list the number of locomotives of all classes, passenger-cars of all classes, sleeping-cars, dining-cars, express-cars, baggage-cars, stock-cars, platfrom-cars, wrecking-cars, pay-cars, hand-cars, and all other

kind of cars." It will be seen that the railroad track is deemed to include the right of way and any superstructures thereon, whether the same be "on main, side or second track, or turnouts, and the stations and improvements thereon belonging to, used, operated or occupied by any person," etc. The term "right of way" can only be understood as embracing the land used as a way for the road, and not such additional ground as may be used for the convenience of the railroad, but not a part of its way. (*Railroad Co. v. Paddock,* 75 Ill. 616.) This we conceive to be an entirely proper and correct definition of the right of way of a railroad company. The contention of respondent seems to us to include in the term "right of way" the entire earth, or at least so much thereof as the convenience of the railroad may seem to require, or the modesty of the company will permit them to assert. It seems to us that the statute of our state in regard to what property of the railroad company is accessable by the state board of equalization, and what by the local assessor, is entirely clear. The right of way in the present case was granted to the railroad company by the federal government. The statute of this state defines the railroad track to be the right of way and all improvements thereon, and the same is declared to be assessable by the state board of equalization, and "all property belonging to any person, company or corporation, owning, operating or constructing any railroad, wholly or partly within this state, not included within the terms 'railroad track' or 'rolling stock,' shall be assessed by county assessors as other property is assessed in this state." It seems to us entirely clear that the property in question was, under the provisions of the statutes of this state, assessable by the county assessor, and not by the state board of equalization. We are unable to see wherein the decision of the territorial supreme court in *Oregon etc. Ry. Co. v. Yeates,* 2 Idaho, 397, 17 Pac. 457, has any application to the case under consideration, as the statutes have been radically changed since that decision. The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with this opinion. Costs to appellant.

Quarles and Sullivan, JJ., concur.

### ON REHEARING.

### (January 27, 1900.)

QUARLES, J.—Respondent has filed a petition for rehearing, in which it complains that the decision gives the county assessor jurisdiction to assess personal property valued at $4,657.50; that the right of way of the respondent through the one hundred and thirty-seven acre tract of land assessed is not excepted from the assessment. And it also complains that the opinion adverts to the fact that the right of way was granted to the respondent by the United States government, when the record is silent as to how it was acquired. On the hearing, the respondent waived all questions as to the sufficiency of the description, arguing and asking for a determination of one question only, to wit, whether the assessor had authority to assess said tract of land and improvements thereon at all, or not; and in its petition for a rehearing it is stated: "Hoping to secure a general, yet certain and definite, construction of the statutory language involved, as would be a guide, not only to the appellant, in the future, but to the respondent, in listing this and other property having similar features, respondent did not urge upon the court the inadequate, if not wholly incomprehensible, description entered by the assessor upon the roll, as it appears. But this description, as supplemented and explained by the map of record, includes the very roadbed of respondent's main tracks. Certainly, the court does not intend to decide that this is all within the jurisdiction of the local assessor. But if not, what portion of it is within the jurisdiction?" But for its waiver of the question, the respondent would be entitled to a modification of the assessment so as to exclude from the tract of land assessed, the right of way of respondent, both for its main line and its Wood river branch, But the entire one hundred and thirty-seven acres was assessed at the sum of $342.50, or at the rate of two dollars and fifty cents per acre; and at the same rate the tax complained of would not exceed five dollars, so far as the right of way of respondent for its main track and track of its Wood river branch

over the land in question is concerned. So in waiving this question the respondent submitted to no great hardship, and exhibited no great degree of liberality. We hold in this case that the right of way, track, whether main, side, or turnouts, and all improvements and superstructures upon the right of way, and rolling stock, are under the statute, to be assessed by the state board of equalization, and all other property of railroad companies is to be assessed, under the statute, by county assessors. We think the statute and the original opinion herein are both sufficiently clear. We will add that it is our duty to take judicial notice of the acts of Congress, both public and private, and of the executive of the United States government. (See Rev. Stats., sec. 5950.) The United States having granted to the respondent company a right of way two hundred feet wide, extending one hundred feet each way from the center of its main track, over the public domain, situate in Idaho, and, as it is a matter of common history that nearly all of the right of way of the respondent in this state, where located, runs over public, unsurveyed lands of the United States, it may well be regarded, when it is not shown that the respondent has acquired a less width for its right of way over private grounds, that its right of way is two hundred feet wide. We think that neither the state board of equalization nor the county assessor should have any trouble in deciding their duties in the matter of assessing railroad property, nor should the respondent have any trouble in listing its property with the proper officers for taxation. The property assessed against respondent, and which it claims is personal property, valued at $4,657.50, is not shown by the record to be personal property. While listed under the general head of "Personal Property," yet it is described as "millsites, mills, and machinery." This does not show it to be personal property, nor does it show that such property is rolling stock, within the meaning of the statute. Apparently, the property described as "millsites, mills, and machinery" is improvements and fixtures upon real estate. The description is bad, but defects of description were waived at the hearing by the respondent. Such property, when not situated on the right of

way, is assessable by county assessors.   We think a rehearing should be denied, and it is so ordered.

Huston, C. J., and Sullivan, J., concur.